

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 26, 2013

The Honorable Patricia Harless
Chair, Committee on Environmental
   Regulation
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-1022

Re: Authority to create overlapping emergency services districts that provide duplicative services and levy additional ad valorem taxes (RQ-1122-GA)

Dear Representative Harless:

You seek an opinion regarding authority to create an emergency services district in certain circumstances.[1] You tell us that an existing emergency services district—Travis County ESD 2 ("ESD 2"), also known as the Pflugerville Fire Department—currently levies a 0.1% ad valorem property tax but seeks additional revenue. *See* Request Letter at 1. You explain that because the ad valorem tax is at the maximum amount permitted under the Constitution, "a proposal ha[s] been put forward to create a new [emergency services] district (ESD 2A) that would be exactly co[n]terminous with ESD 2 and provide the same services already offered by that district, for the sole purpose of increasing the ad valorem tax revenue available." *Id.* You ask four questions about the proposed creation of the overlapping emergency services district:

1.    Does the Texas Constitution permit overlapping ESDs?

2.    Can an ESD be created that overlaps and provides duplicative services with another ESD?

3.    Where two overlapping ESDs already exist, can one be amended to provide duplicative services?

4.    As above or otherwise, is the Pflugerville-area Travis County ESD 2A, as currently proposed, permissible under existing Texas law?

---

[1]*See* Letter from Honorable Patricia Harless, Chair, Comm. on Envtl. Regulation, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Apr. 12, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

*Id.* at 1–2.

Texas Constitution, article III, section 48-e authorizes the Legislature to "provide for the establishment and creation of special districts to provide emergency services and to authorize the commissioners court of participating counties to levy a tax on the ad valorem property situated in said districts not to exceed Ten Cents (10¢) on the One Hundred Dollars ($100) valuation for the support thereof . . . ." TEX. CONST. art. III, § 48-e. When interpreting the Texas Constitution, we, like a court, rely "heavily on its literal text and must give effect to its plain language." *Doody v. Ameriquest Mortg. Co.*, 49 S.W.3d 342, 344 (Tex. 2001). By its express terms, article III, section 48-e neither permits nor prohibits overlapping emergency services districts. Thus, in answer to your first question, the Texas Constitution neither permits nor prohibits overlapping emergency services districts. It does authorize the Legislature to "provide for the establishment and creation" of such districts. TEX. CONST. art. III, § 48-e. In exercising that authority, the Legislature expressly permitted overlapping emergency services districts. *See Jones v. Williams*, 45 S.W.2d 130, 133 (Tex. 1931) (stating that "contemporaneous construction of a constitutional provision by the Legislature, continued and followed, is a safe guide as to its proper interpretation"). Texas Health and Safety Code section 775.0205(a), for example, provides that "[i]f the territory in a district created under this chapter overlaps with the boundaries of another district created under this chapter, the most recently created district may not provide services in the overlapping territory that duplicate the services described in the statement required by Section 775.018(g)." TEX. HEALTH & SAFETY CODE ANN. § 775.0205(a) (West Supp. 2012); *see id.* § 775.018(g) (requiring an existing district to specify the types of emergency services it will provide in any overlapping territory of proposed district). Further, other provisions in chapter 775 expressly acknowledge the creation of districts with overlapping territory. *See id.* §§ 775.018(f) ("If the territory of a district proposed under this chapter overlaps with the boundaries of another district created under this chapter . . . ."); 775.0205(d) ("The creation of a district with boundaries that overlap the boundaries of another district does not affect the validity of either district.").

In answer to your second question, chapter 775 expressly prohibits emergency services districts in overlapping territory from offering the same emergency services. Section 775.0205(d-1) states that "[t]he legislature finds that the performance of *non-duplicative* emergency services in the overlapping territory of emergency services districts is complementary to and not in conflict with the powers and duties of the respective districts." *Id.* § 775.0205(d-1) (emphasis added). In addition, section 775.0205(a) expressly limits a newly created district with territory overlapping an existing district from providing services that duplicate the services provided by an existing district. *Id.* § 775.0205(a). These provisions indicate a legislative intent to prohibit overlapping emergency services districts from providing duplicative services in the same territory. Accordingly, overlapping emergency services districts may not provide duplicative services in the overlapping territory. In answer to your third question, the above conclusion also precludes an emergency services district from amending its provision of services to provide duplicative services in the same territory.

In response to your last question, briefing submitted to this office and news reports indicate that the proposed ESD 2A does not have the requisite consent from either the

Pflugerville City Council or the Travis County Commissioners Court. *See* Brief from John J. Carlton and Kelli Carlton, for the ESD No. 2 and the Texas State Ass'n of Fire & Emergency Servs. Dists., at 7 (May 24, 2013) (on file with the Op. Comm.) (disputing facts asserted in Request Letter and stating that "[t]here is no currently proposed" ESD 2A); *see also* J.P. Eichmiller, *Travis County Commissioners Court Rejects Petition to Create New EMS Taxing District,* IMPACTNEWS; March 4, 2013; Wendy Cawthon, *City Rejects ESD Plan, Citing Tax Increase,* PFLUGERVILLE PFLAG, Feb. 15, 2013.[2] This lack of consent precludes any immediate election regarding the petition to create ESD 2A. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 775.014(a) (West Supp. 2012) (providing that municipal "territory may not be included in the district unless the municipality's governing body gives its written consent"); 775.015 (West 2010); 775.018 (West Supp. 2012) (providing that a county commissioners court may grant the petition and call an election only upon certain findings after a hearing). Thus, your last question appears to be effectively moot, and we do not address it. *See* Tex. Att'y Gen. Op. No. GA-0334 (2005) at 11 (declining to address moot questions).

---

[2] *Available at* http://impactnews.com and http://archive.pflugervillepflag.com, respectively.

## S U M M A R Y

Pursuant to chapter 775 of the Health and Safety Code, two emergency services districts may overlap in territory but may not provide duplicative services in any territory where they overlap. Further, an emergency services district may not amend its provision of services in order to provide services duplicative of another overlapping emergency services district.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee